**Billy D. CRAWLEY, Dillard C. Crawley, and Alice Maxine Cornford, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, ex rel. Manuel LUJAN, Jr., Secretary of the Interior for the United States Department of the Interior; Gilbert Mathews, Proponent to Last Will and Testament of Alice H. Mathews, deceased, Defendants–Appellees.**

No. 92–5102.

United States Court of Appeals, Tenth Circuit.

Oct. 21, 1992.

Ralph R. Adkisson, Tulsa, Okl., for plaintiffs-appellants.

Vicki A. O'Meara, Acting Asst. Atty. Gen., Tony Graham, U.S. Atty., Kathleen Bliss Adams, Asst. U.S. Atty., Tulsa, Okl., Edward J. Shawaker and Katherine L. Adams, Attys., Appellate Section, Environment and Natural Resources Div., Dept. of Justice, Washington, D.C.; and Alan Woodcock, Office of Sol., Dept. of Interior, of counsel, for federal defendants-appellees.

Bill Heskett, Heskett & Heskett, Pawhuska, Okl., for defendant-appellee Gilbert Mathews.

---

Before MOORE, TACHA, and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

This appeal is from an order of the district court dismissing plaintiffs' appeal of a decision of the Secretary of the Interior modifying and approving the last will and testament of an Osage Indian. We affirm.[1]

### I. Background.

The facts in this case are not in dispute. Alice Mathews, an Osage Indian, devised her entire estate, including her Osage headright,[2] to her husband, Gilbert Mathews, or in the event that he did not survive her, to her three children from a previous marriage. Mrs. Mathews's three children, the plaintiffs in this case, are Osage Indians. Mr. Mathews is not.

Pursuant to federal law, officials of the Department of the Interior reviewed Mrs. Mathews's will. The Superintendent of the Osage Agency approved the will, finding that Mrs. Mathews possessed testamentary capacity and that the will was valid under Oklahoma law. Nevertheless, the Superintendent disapproved the portion of the will that devised in fee simple Mrs. Mathews's headright to Mr. Mathews because he is not an Osage Indian. The Superintendent ordered that the headright be vested in Mrs. Mathews's children, pursuant to federal law and the Oklahoma law of intestate succession.

Mr. Mathews appealed the Superintendent's decision to the Regional Solicitor, who affirmed the Superintendent's approval of the will, but ordered that the will be modified so as to distribute to Mr. Mathews a life estate in the headright. The Regional Solicitor's decision constitutes a final decision of the Secretary.

Mrs. Mathews's children filed this action in the District Court for the Northern District of Oklahoma, arguing that the Secretary erred in modifying the will to grant Mr. Mathews a life estate in the headright. The district court affirmed the Secretary's decision and dismissed the case, giving rise to this appeal.

### II. Standard of Review

The Secretary's role in the disposition of Osage Indian headrights is governed by three uncodified federal statutes ("Osage Indian Statutes"). *See* Act of Apr. 18, 1912, Pub.L. No. 62–125, 37 Stat. 86 ("1912 Act"), *amended by* Act of Oct. 21, 1978, Pub.L. No. 95–496, 92 Stat. 1660 ("1978 Act"), *amended by* Osage Tribe of Indians Technical Corrections Act of 1984, Pub.L. No. 98–605, 98 Stat. 3163 ("1984 Act"). As amended by section 5(a) of the 1978 Act, section 8 of the 1912 Act provides for the appeal of the Secretary's approval of Osage wills:

> No court except a Federal court shall have jurisdiction to hear a contest of a probate of a will that has been approved by the Secretary. Such appeals shall be on the record made before the Secretary and his decisions shall be binding and shall not be reversed unless the same is against the clear weight of the evidence or erroneous in law.

1978 Act § 5(a), 92 Stat. at 1662. Pursuant to this section, we review de novo the Secretary's decision approving or disapproving an Osage will for error of law. *Akers v. Hodel*, 871 F.2d 924, 933 (10th Cir.1989) (finding Secretary's decision disapproving an Osage Indian will erroneous in law).

### III. Secretary's Authority

We conclude that when an Osage testator devises more than a life estate in an Osage headright to a non-Osage, the Osage Indian Statutes give the Secretary the authority to modify the will so that it grants only a life estate to the non-Osage

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. A headright is an interest in the income from oil wells held in trust for the Osage Indian Tribe by the United States.

devisee.[3] We reach this conclusion after reading the Osage Indian Statutes as a whole and after considering the Supreme Court's decision in *Tooahnippah (Goombi) v. Hickel*, 397 U.S. 598, 90 S.Ct. 1316, 25 L.Ed.2d 600 (1970).

Section 8 of the 1912 Act for the first time granted Osage Indians the right to dispose of their headright interests by will. 37 Stat. at 520. The act conditions the full exercise of this right on the Secretary's approval of the will:

Any person of Osage Indian blood, eighteen years of age or older, may dispose of his Osage headright or mineral interest ... by will executed in accordance with the laws of the state of Oklahoma; *Provided*, That the will of any Osage Indian shall not be admitted to probate or have any validity unless approved after the death of the testator by the Secretary of the Interior.

1978 Act § 5(a), 92 Stat. at 1661 (amending 1912 Act § 8).

Section 7 of the 1978 Act for the first time limited the alienation of Osage headrights. 92 Stat. at 1663. As amended by the 1984 Act, that section of the 1978 Act provides:

(a) GENERAL RULE—No person who is not an Osage Indian may, on or after October 21, 1978, receive any interest in any headright, other than a life estate in accordance with subsection (b), whether such interest would be received by such person (but for this subsection) under a will, a testamentary or inter vivos trust, or the Oklahoma laws of intestate succession.

(b) EXCEPTION FOR LIFE ESTATES—Notwithstanding subsection (a) ... an individual who is not an Osage Indian may receive a life estate in any headright held by a testator, settlor, or decedent who is or was an Osage Indian under a will, or under a testamentary trust established by a will, of such testator, an inter vivos trust established by such settlor, or the Oklahoma laws of

intestate succession relating to the administration of the estate of such decedent.

1984 Act § 2(e), 98 Stat. at 3164. The Secretary's approval of Osage wills under section 8 of the 1912 Act is subject to this provision. 1978 Act § 5(d), 92 Stat. at 1662.

Under this statutory scheme, the Secretary must first inquire into the validity of the will. If the will is valid under Oklahoma law, the Secretary must determine whether the will devises to any non-Osage more than a life estate in an Osage headright. If it does, the Secretary must take some action to ensure that no more than a life estate passes to the devisee.

Although section 8 of the 1912 Act expressly authorizes the Secretary only to approve wills, we read the Osage Indian Statutes together to permit the Secretary to modify wills so that they do not violate the statutes' restraint on alienation. The 1978 Act limits the Secretary's power only by subjecting it to section 7's restraint on the alienation of headrights. In turn, section 7 forbids not the *granting* of more than a life estate, but the *receipt* of more than a life estate. 1984 Act § 2(e), 98 Stat. at 3164 ("No person who is not an Osage Indian may ... receive any interest in any headright, other than a life estate....") Thus, nothing in the statutes requires the Secretary to disapprove the will in order to fulfill the purpose of section 7; he need only ensure that a non-Osage devisee receives no more that a life estate in the headright.

The Supreme Court's decision in *Tooahnippah* supports our conclusion that the statutes authorize the Secretary to modify an Osage will so that it does not violate section 7's restraint on alienation. In *Tooahnippah* the Supreme Court held that a statute similar to section 8 of the 1912 Act did not grant the Secretary the authority to rewrite for "equitable" reasons "a will that reflects a rational testamentary scheme." 397 U.S. at 609–10, 90 S.Ct. at

---

**3.** Because we find the statutes unambiguous on this point, we do not need to decide whether to defer to the Secretary's interpretation. *See*

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984).

1323 (interpreting 25 U.S.C. § 373). If the Osage Indian Statutes required the Secretary to disapprove the grant to Mr. Mathews altogether, Mrs. Mathews "rational testamentary scheme" would be frustrated entirely. Under our reading, the statutes authorize the Secretary to fulfill the intent of Osage testators to the fullest extent possible under federal law.

Our reading of the Osage Indian Statutes leads us to conclude that the Secretary has acted consistently with the plain meaning of the statutes. We hold that when an Osage testator devises more than a life estate in an Osage headright to a non-Osage devisee, the Osage Indian Statutes give the Secretary the authority to modify the will so that it grants only a life estate to the non-Osage devisee.

The District Court's order is AFFIRMED.